UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WESSON, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-3718 (JBS) |
| v. | |
| ATLANTIC COUNTY JUSTICE, FACILITY, | OPINION |
| Defendant. | |

**APPEARANCES:**

ROBERT WESSON, #161350, Plaintiff Pro Se
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey  08330

**SIMANDLE**, District Judge

Plaintiff Robert Wesson, a sentenced prisoner who is currently confined at Atlantic County Justice Facility, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the agency having custody of Plaintiff to deduct an initial

---

[1] This Court takes judicial notice that Plaintiff asserts in another complaint that he is serving a 364-day sentence at the Atlantic County Justice Facility. See Wesson v. ACJF, Civil No. 08-3204 (NLH) compl. (D.N.J. June 27, 2008).

partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  Having screened the Complaint for dismissal, see 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss Plaintiff's federal claims, without prejudice to the filing of an amended complaint, and decline to exercise supplemental jurisdiction over claims arising under New Jersey law.

## I.  BACKGROUND

Plaintiff sues the Atlantic County Justice Facility for alleged violation of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

> I was washing dishes and used a jet sprayer
> which was 180 [degrees] temp water.  It hit
> ladle and backfired into my rt eye.  No eye
> protection available.

(Compl. ¶ 4, p. 4.)  For relief, Plaintiff seeks "professional medical attention $1,000,000 pain & suffering & punitive damages."  (Id. ¶ 5, p. 5.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for dismissal for failure to state a claim, the United States Court

of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Pinker</u>, 292 F. 3d at 374 n.7. <u>See also</u> <u>Twombly</u>, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> \*              \*              \*
>
> The issues raised by <u>Twombly</u> are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read <u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context. Reading <u>Twombly</u> to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its

> grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." Twombly, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
> The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902,

906 (3d Cir. 1997). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the

> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A. Eighth Amendment

Plaintiff asserts that his eye was injured while he was washing dishes at the jail and using a jet sprayer, and that he did not receive proper medical attention for his injuries. "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

(1) Failure to Protect

7

The Court construes the Complaint as possibly stating an Eighth Amendment failure to protect claim. To prevail on a failure to protect claim under 42 U.S.C. § 1983, an inmate must establish that (1) he is incarcerated under conditions posing a substantial risk of serious harm and (2) the defendant was deliberately indifferent to the risk. Farmer, 511 U.S. at 833, 837, 847. Under the deliberate indifference standard, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In the instant Complaint, Plaintiff complains that his eye was injured by hot water from a jet sprayer when he was washing dishes without eye protection. Plaintiff's Eighth Amendment claim with regard to this incident fails as a matter of law because the failure to provide eye protection to avoid hot water sprayed into a ladle constitutes at worst negligence, which is not actionable under § 1983. See Farmer, 511 U.S. at 835 ("[A]an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of [cruel and unusual] punishment"); Davidson v. Cannon, 474 U.S. 344 (1986) (prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does

not state a claim under § 1983); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).

The Court is constrained by <u>Davidson</u>, <u>Daniels</u>, and <u>Farmer</u> to dismiss the failure to protect claim for failure to state a claim upon which relief may be granted. See <u>Farmer</u>, 511 U.S. at 841-5; <u>Davidson</u>, 474 U.S. 344; <u>Daniels</u>, 474 U.S. 327.

(2) Medical Care

Plaintiff indicates that he "went to medical several times [but received] no help." (Compl. ¶ II.F., p. 4.) The Eighth Amendment's prohibition against cruel and unusual punishment obligates jail authorities to provide medical care to inmates. <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976); <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999). To state a cognizable claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." <u>Rouse</u>, 182 F.3d at 197. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." <u>Monmouth County Correctional Institution Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). Where delay is involved, the seriousness of an inmate's medical need is

determined by the effects of the delay. <u>Id.</u>; <u>Crowley v. Hedgepeth</u>, 109 F.3d 500, 502 (8th Cir.1997); <u>Hill v. Dekalb Regional Youth Detention Center</u>, 40 F.3d 1176, 1188-89 (11th Cir. 1994); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir.1993).

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" <u>Rouse</u>, 182 F.3d at 197 (quoting <u>Estelle</u>, 429 U.S. at 105).[2] Deliberate indifference has been found, however, "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." <u>Rouse</u>, 182 F.3d at 197.

In this case, the Complaint does not state an Eighth Amendment medical care claim because Plaintiff's allegations do not indicate that a particular person was deliberately indifferent to a serious medical need. In addition, the sole defendant is the Atlantic County Justice Facility, which is not a

---

[2] "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

"person" subject to suit under 42 U.S.C. § 1983 pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992). The Complaint will, therefore, be dismissed in its entirety. However, Plaintiff's allegations do not foreclose the possibility that one or more persons were deliberately indifferent to a serious medical need. The dismissal of the medical care claim is therefore without prejudice to the filing of an amended complaint within 30 days which states an Eighth Amendment medical claim.

B.  State Claims

The Complaint may state a claim under state tort law. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over

which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis, dismisses Plaintiff's federal claims, declines to exercise supplemental jurisdiction over state claims, and grants Plaintiff 30 days to file an amended complaint stating a deliberate indifference to serious medical needs claim.

                                                               _/s/ Jerome B. Simandle_
                                                             JEROME B. SIMANDLE, U.S.D.J.

Dated: _August 4_, 2008